UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID BROWN, | No. 19-cv-21965 (NLH) (JS) |
| Plaintiff, | |
| | OPINION |
| v. | |
| WARDEN OF CUMBERLAND COUNTY JAIL, et al., | |
| Defendants. | |

APPEARANCES:

David Brown
1214647
Philadelphia Detention Center
8201 State Rd
Philadelphia, PA 19136

        Plaintiff Pro se

HILLMAN, District Judge

        Plaintiff David Brown filed a complaint under 42 U.S.C. §
1983 alleging he was falsely arrested and detained in the
Cumberland County Jail.  ECF No. 1.  He also alleges officers
encouraged other inmates to assault him and stood by while the
assault took place.  Id.  He requests the appointment of
counsel.  ECF No. 2.

        At this time, the Court must review the Complaint, pursuant
to 28 U.S.C. § 1915(e)(2) to determine whether it should be
dismissed as frivolous or malicious, for failure to state a

1

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court will permit the Fourteenth Amendment failure to protect and failure to intervene claims to proceed, but Plaintiff must provide the Court with the names of the officers involved.

I.   BACKGROUND

Plaintiff's complaint alleges that he was assaulted by inmates while incarcerated in the Cumberland County Jail:

> In May of 2018 I was arrested in New Jersey for aggravated assault 2nd degree and held without bail at Cumberland County Jail for several months before the charges were eventually dropped and I was released before that I was being held illegally in a high custody area of the jail with inmates charged with crimes ranging form [sic] murder, robbery, rape, and even institutional rape[.] [O]ne day I was on the tier I was assaulted by several inmates while officer watched outside the gate before breaking it up 2 of the inmates involved in the assault were on trial for murder in the first degree and should not have been housed with me for my misdemeanor charges.

ECF No. 1 at 4.  He adds that the assault was done at the officers' command and they "stood by and watched for entertainment."  Id. at 7.  Plaintiff was hospitalized as a result.  Id.

II.  STANDARD OF REVIEW

Section 1915(e)(2) requires a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis.  The Court must sua sponte dismiss any claim

2

that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding in forma pauperis and is incarcerated.

To survive sua sponte screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

A.   False Arrest and False Imprisonment

Plaintiff appears to raise false arrest and false imprisonment claims through his assertion that he was arrested for second-degree aggravated assault and held in the Cumberland

3

County Jail for a few months before the charges were dropped. ECF No. 1 at 4. Plaintiff identified two Paulsboro police officers in letters to the Court, asking that they be named as defendants. See ECF Nos. 4 & 5. The Court will not substitute the officers for the John Doe Officers currently in the caption as defendants because Plaintiff has not stated a claim for false arrest or false imprisonment.

"To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir. 1995). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." O'Connor v. City of Phila., 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff has not provided the Court with any information about the circumstances of his arrest and subsequent imprisonment beyond stating it was "illegal." The mere fact

that the charge was later dismissed does not mean the police lacked probable cause to arrest Plaintiff as charges may be dismissed pretrial for any number of reasons.

As Plaintiff may be able to allege facts supporting his false arrest and false imprisonment claims, the Court will dismiss them without prejudice.  Plaintiff may move to amend his complaint by submitting a motion and amended complaint containing facts supporting his false arrest and false imprisonment claims.

B.   Fourteenth Amendment Claims

Plaintiff's other claims concern his allegations that Cumberland County Jail officers failed to protect Plaintiff when they directed other inmates to assault Plaintiff and watched the assault "for their entertainment."  ECF No. 1 at 4,7.  As Plaintiff was a pretrial detainee, his claims arise under the Fourteenth Amendment's Due Process Clause.

To state a claim for damages against a prison official for failure to protect from inmate violence, "an inmate must plead facts that show (1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm."  Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir.

2012).[1]  If Plaintiff's allegations are true, prison officials encouraged other inmates to assault him.  Having been aware of a risk to Plaintiff's safety, they then failed to take reasonable steps to prevent the harm from happening; indeed, they actively encouraged it.  This is enough to state a failure to protect claim.

Liberally construing the complaint, Plaintiff also alleges a failure to intervene claim against the officers.  "If a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983.  However, an officer is only liable if there is a realistic and reasonable opportunity to intervene."  Smith v. Mensinger, 293 F.3d 641, 650-51 (3d Cir. 2002) (internal citations and quotation marks omitted). Plaintiff indicates more than one officer was present at the scene; therefore, it is reasonable to infer that each officer had an opportunity to stop the inmates' attack on Plaintiff but failed to do so.  This claim can also proceed.

---

[1] This standard derives from the Eighth Amendment as opposed to the Fourteenth, but "it is a given that the [Fourteenth] Amendment provides the same, if not more, protection for pretrial detainees than the Eighth Amendment does for imprisoned convicts."  Bistrian v. Levi, 912 F.3d 79, 91 (3d Cir. 2018) (recognizing failure to protect claim under the Fifth Amendment for federal pretrial detainees).

Plaintiff has not stated a claim against Warden Richard Smith.  A plaintiff cannot hold a supervisor liable for the actions of his employees solely on a respondeat superior theory under § 1983.  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  A supervisor can be held liable if (1) "they established and maintained a policy, practice or custom which directly caused the constitutional harm" or (2) "they participated in violating plaintiff's rights, directed others to violate them, or, as the persons in charge, had knowledge of and acquiesced in their subordinates' violations."  Santiago v. Warminster Twp., 629 F.3d 121, 129 n.5 (3d Cir. 2010) (citing A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr., 372 F.3d 572, 586 (3d Cir. 2004)) (internal quotation marks omitted).  There is no indication in the complaint that Warden Smith established a policy that caused Plaintiff's injury or participated in or knew of the officers' actions.  If Plaintiff is able to allege such facts, he may include them in an amended complaint.

C.   John Doe Defendants

The claims that the Court has permitted to proceed, failure to protect and failure to intervene, are alleged against John Doe Corrections Officers.[2]  The U.S. Marshals cannot serve John

---

[2] The names in Plaintiff's letters to the Court are Paulsboro Police officers who are unlikely to have participated in the assault inside the Cumberland County Jail.  The Court will

Doe defendants; Plaintiff must be able to identify defendants
before the Marshals can serve the complaint.  If Plaintiff
cannot provide the Court with the name of the officers from the
Cumberland County Jail, "an appropriate method for the plaintiff
to seek the identity of the John Doe defendants is through the
use of a subpoena directed to officials" at the Cumberland
County Jail.  Gerber v. Various Other Prison Officials, No.
1:06CV01358, 2007 WL 1847582, at *2 (M.D. Pa. May 10, 2007)
(report and recommendation adopted June 25, 2007).  Subpoenas
are governed by Federal Rule of Civil Procedure 45.

D.   Motion for the Appointment of Counsel

Plaintiff moves for the appointment of counsel.  ECF No. 2.
Appointment of counsel is a privilege, not a statutory or
constitutional right, Brightwell v. Lehman, 637 F.3d 187, 192
(3d Cir. 2011), and is governed by the factors enumerated in
Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).

In determining whether to appoint counsel, a court
considers the following: (1) the plaintiff's ability to present
his or her own case; (2) the complexity of the legal issues; (3)
the degree to which factual investigation will be necessary and
the ability of the plaintiff to pursue such investigation; (4)
the amount a case is likely to turn on credibility

---

instruct the Clerk to add John Doe Corrections Officers 1-5 to
the docket as defendants.

determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf.  See id. at 155-56, 157 n.5; see also Cuevas v. United States, 422 F. App'x 142, 144-45 (3d Cir. 2011) (reiterating the Tabron factors).

After considering and weighing the Tabron factors, the Court will deny Plaintiff's motion at this time.  Plaintiff has presented his case in a coherent manner thus far and has survived the Court's sua sponte review.  The remaining issues in the complaint do not appear to be especially complex based on the face of the complaint, and the Court does not anticipate any special difficulty for Plaintiff in presenting his case.  Also weighing against appointing counsel is the fact that extensive discovery is not expected.  The fact that Plaintiff's and the officers' credibility will be a significant factor at trial weighs in favor of appointing counsel.  It does not appear from the face of the complaint that expert testimony will be required, which weighs against appointing counsel.  As Plaintiff is proceeding in forma pauperis, the Court accepts that he cannot afford counsel on his own, which also weighs slightly in favor of appointing counsel.

The balance of factors weighs against appointing counsel at the outset of this case.  The denial is without prejudice, and Plaintiff may move again for the appointment of counsel if his

circumstances change or further events in the case warrant a reconsideration of the Tabron factors.

CONCLUSION

For the reasons stated above, the Complaint may proceed against the John Doe Corrections Officers on Plaintiff's failure to protect and failure to intervene claims.  Plaintiff's claims against Warden Richard Smith and the Paulsboro officers are dismissed without prejudice for failure to state a claim. Plaintiff's motion for the appointment of counsel is denied without prejudice.

An appropriate order follows.


Dated: _April 20, 2020              __s/ Noel L. Hillman_____
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.