```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY

 DAVID BROWN,                    │  No. 19-cv-21965 (NLH) (MJS)
                                 │
                                 │
            Plaintiff,           │
                                 │              OPINION
                                 │
      v.                         │
                                 │
 JOHN DOE CORRECTIONS OFFICERS   │
 1-5, et al.,                    │
                                 │
            Defendants.          │
```

APPEARANCES:

David Brown
1353 S. 46th Street
Philadelphia, PA 19143

    Plaintiff Pro se

Gregg L. Zeff, Esq.
Law Firm of Gregg L. Zeff
100 Century Parkway
Suite 305
Mt. Laurel, NJ 08054

    Attorneys for Defendant Richard Smith

Todd J. Gelfand, Esq.
Barker, Gelfand, James & Sarvas
Linwood Greene, Suite 12
210 New Road
Linwood, NJ 08221

    Attorneys for Defendants Officer Gary Lowell and Detective Michael Minniti

1

HILLMAN, District Judge

Defendant Richard Smith, former warden of the Cumberland County Jail, moves to dismiss Plaintiff David Brown's amended complaint. ECF No. 24. Defendants Officer Gary Lowell and Detective Michael Minniti also move to dismiss the amended complaint. ECF No. 20. Plaintiff opposes the motions. ECF No. 25.

For the reasons stated herein, the Court will grant the motions to dismiss and dismiss Defendants without prejudice.

I. BACKGROUND

Plaintiff filed a complaint under 42 U.S.C. § 1983 alleging that he was assaulted by inmates while incarcerated in the Cumberland County Jail:

> In May of 2018 I was arrested in New Jersey for aggravated assault 2nd degree and held without bail at Cumberland County Jail for several months before the charges were eventually dropped and I was released before that I was being held illegally in a high custody area of the jail with inmates charged with crimes ranging form [sic] murder, robbery, rape, and even institutional rape[.] [O]ne day I was on the tier I was assaulted by several inmates while officer watched outside the gate before breaking it up 2 of the inmates involved in the assault were on trial for murder in the first degree and should not have been housed with me for my misdemeanor charges.

ECF No. 1 at 4. Plaintiff was hospitalized as a result. Id. at 7. He added that the assault was done at the officers' command and they "stood by and watched for entertainment." Id.

2

The Court screened the opinion under 28 U.S.C. § 1915 and permitted the complaint to proceed in part. ECF No. 8. The Court dismissed Plaintiff's false arrest and false imprisonment claims without prejudice. ECF No. 7 at 4-5. It permitted the complaint to proceed on Plaintiff's claim that unidentified Cumberland County Jail corrections officers failed to protect Plaintiff when they directed other inmates to assault Plaintiff and watched the assault for their entertainment. Id. at 5. A failure to intervene claim was also permitted to proceed. Id. at 6. The Court dismissed the claims against Warden Smith because Plaintiff did not allege enough facts for the Court to reasonably infer that Warden Smith had personal involvement in Plaintiff's assault. Id. at 7. The Court directed Plaintiff to file either an amended complaint naming the John Doe corrections officers or a request for a subpoena. ECF No. 8 at 1-2.

Plaintiff moved to amend his complaint on May 1, 2020. ECF No. 9. The amended complaint alleged Officer Lowell responded to a call on April 21, 2018 that two men were fighting in Paulsboro. Id. at 1. "Officer Lowell spoke with one of the males then contacts Detective Michael Minnitti [sic] who told him to prepare charges for aggravated assault 2nd degree for the arrest of . . . David Brown . . . ." Id. Plaintiff was arrested on May 11, 2018. Id.

3

According to the amended complaint, Plaintiff appeared before Judge Kevin Smith in Gloucester County for a probable cause hearing within 7 days of his arrest. Id. Judge Smith "determines from the evidence presented at the [probable] cause hearing that there was no [probable] cause for the issuance of a warrant for 2nd degree aggravated assault charges cause there was no evidence presented to the officers as to the extent of the injury and there was no use of a weapon." Id. at 1-2.

Plaintiff also alleged that he was detained together with "inmates charged with murder in the first degree rapes even prison rapes with a misdemeanor level offense because of a policy and practice of Warden Richard Smith of Cumberland County Jail to house Gloucester County inmates at the Cumberland County Jail . . . ." Id. at 2. He states "correctional officers used Cumberland County inmates to assault Gloucester County inmates." Id.

Magistrate Judge Joel Schneider granted the motion to amend. ECF No. 12. Defendants now move to dismiss the amended complaint for failure to state claim.[1]

---

[1] Officer Lowell and Detective Minniti alternatively request summary judgment. ECF No. 20. "Rule 12 does not authorize a motion for summary judgment or a motion to dismiss and for summary judgment, as made in this case, to be filed in lieu of an answer." Visintine v. Zickefoose, No. 11-4678, 2012 WL 6691783, at *2 (D.N.J. Dec. 21, 2012). In an action where the plaintiff is pro se like Plaintiff, a district court may not convert a motion to dismiss into a summary judgment motion

4

II.  STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party.  A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

---

without notice to the plaintiff consisting of at a minimum "a paper copy of the conversion Order, as well as a copy of Rule 56 and a short summary explaining its import that highlights the utility of a Rule 56(f) affidavit."  Renchenski v. Williams, 622 F.3d 315, 340 (3d Cir. 2010).  "In this case, without having filed an answer, a hybrid motion like the one filed here, does not comply with the above described requirements of Rules 12 and 56 or satisfy the Renchenski court's directive to provide clear notice to pro se prisoners regarding what they must do to avoid losing a summary judgment motion.  It follows from Renchenski and Rule 12 that a defendant should avoid filing a hybrid motion to dismiss and/or for summary judgment of the sort filed here, which creates unnecessary confusion for a pro se litigant."  Visintine, 2012 WL 6691783, at *3.  The Court declines to convert the motion into a summary judgment motion and will only consider the complaint in connection with Defendants' Rule 12(b)(6) motion.

5

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Connelly v. Lane Const. Corp., 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted). "[A] complaint's allegations of historical fact continue to enjoy a highly favorable standard of review at the motion-to-dismiss stage of proceedings." Id. at 790.

III. DISCUSSION

A. False Arrest and False Imprisonment

Plaintiff asserts Officer Lowell and Detective Minniti falsely arrested him for aggravated assault. "To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012). "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been

6

or is being committed by the person to be arrested." <u>Orsatti v. New Jersey State Police</u>, 71 F.3d 480, 482 (3d Cir. 1995). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." <u>O'Connor v. City of Phila.</u>, 233 F. App'x 161, 164 (3d Cir. 2007) (internal quotation marks and citation omitted).

Plaintiff alleges he was arrested for aggravated assault after Officer Lowell spoke with the other man involved in the fight. ECF No. 13 at 1. At the subsequent probable cause hearing, Judge Smith concluded there was inefficient evidence of injury to proceed with aggravated assault charges.[2] <u>Id.</u> "Evidence that may prove insufficient to establish guilt at trial may still be sufficient to find the arrest occurred within the bounds of the law." <u>Barna v. City of Perth Amboy</u>, 42 F.3d 809, 819, (3d Cir. 1994). "As long as the officers had some reasonable basis to believe [Plaintiff] had committed a crime, the arrest is justified as being based on probable cause. Probable cause need only exist as to any offense that could be charged under the circumstances." <u>Id.</u>

---

[2] As is relevant here, second-degree aggravated assault occurs when a person "[a]ttempts to cause serious bodily injury to another, or causes injury purposely or knowingly or under circumstances manifesting extreme indifference to the value of human life recklessly causes such injury." N.J.S.A. § 2C:12-1(b)(1).

7

The amended complaint indicates Plaintiff was arrested after Officer Lowell spoke with the alleged victim of the assault; the later dismissal of the aggravated assault charge does not mean the officers lacked probable cause to arrest Plaintiff in the first place. Plaintiff does not allege that he was not involved in the fight, only that he should not have been charged with aggravated assault. On the facts alleged by Plaintiff, Officer Lowell and Detective Minniti had a reasonable basis to believe Plaintiff committed a crime based on the interview with the victim. Therefore, the Court will grant Officer Lowell's and Detective Minniti's motion to dismiss. The claims will be dismissed without prejudice, meaning Plaintiff may move to amend his complaint again.

B.   Fourteenth Amendment Claims

The Court will also grant Defendant Richard Smith's motion to dismiss. ECF No. 24.

The Court dismissed Plaintiff's Fourteenth Amendment claim against Cumberland County Jail Warden Smith during its review under § 1915 because Plaintiff did not provide facts indicating Warden Smith's personal involvement. A plaintiff cannot hold a supervisor liable for the actions of his employees solely on a respondeat superior theory under § 1983. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "[L]iability under § 1983 may be imposed on an official with final policymaking authority if that

8

official establishes an unconstitutional policy that, when implemented, injures a plaintiff." Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 223 (3d Cir. 2015) (citing Sample v. Diecks, 885 F.2d 1099, 1118 (3d Cir. 1989)). "[T]o establish a claim against a policymaker under § 1983 a plaintiff must allege ... that the official established or enforced policies and practices directly causing the constitutional violation." Id.

Plaintiff must plead facts that suggest "(1) the existence of a policy or practice that created an unreasonable risk of [a Fourteenth Amendment] violation; (2) the supervisor's awareness of the creation of the risk; (3) the supervisor's indifference to the risk; and (4) that the plaintiff's injury resulted from this policy or practice." Estate of Chance ex rel. Humphreys v. First Corr. Med., Inc., 329 F. App'x 340, 343 (3d Cir. 2009). Plaintiff cursorily asserts there was "a policy and practice of Warden Richard Smith of Cumberland County Jail to house Gloucester County inmates at the Cumberland County Jail which put me in a hostile and dangerous situation on several occasions where correctional officers used Cumberland County inmates to assault Gloucester County inmates." ECF No. 13 at 2. This is insufficient to state a claim of policy or practice liability. Plaintiff has provided no facts suggesting that Warden Smith knew that housing Cumberland County and Gloucester County inmates together would cause corrections officers to pit inmates

9

against each other for their entertainment or that he was indifferent to the danger caused by the housing policy. The Court will grant the motion to dismiss, but the dismissal shall be without prejudice. Plaintiff may move to amend his complaint with more facts in compliance with Federal Rule of Civil Procedure 15.

Plaintiff has requested five subpoenas to be issued so that he may identify the John Doe defendants against whom the Court permitted the Fourteenth Amendment claim to proceed. ECF No. 13 at 3. The Court will instruct the Clerk to send Plaintiff a blank subpoena form. Plaintiff should return the completed form to the Clerk's Office.

IV. CONCLUSION

For the reasons stated above, Warden Smith's motion to dismiss will be granted without prejudice. Officer Lowell's and Detective Minniti's motion to dismiss will also be granted without prejudice. The Clerk shall send Plaintiff a blank subpoena duces tecum form, AO 88B, to be filled out and returned to the Clerk's Office.

An appropriate order follows.


Dated: June 7, 2021               s/ Noel L. Hillman
At Camden, New Jersey       NOEL L. HILLMAN, U.S.D.J.